NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DAVID H. CHAO (Cal. Bar No. 273953)
Special Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4586
     Facsimile: (213) 894-0141
     E-mail:    david.chao@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-817-PSG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT JONATHAN MOORE |
| v. | |
| JONATHAN MOORE, | Sentencing: June 17, 2019 at 10:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Philip S. Gutierrez |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Special Assistant United States Attorney David H. Chao, hereby files its sentencing position with respect to defendant Jonathan Moore.

//

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 3, 2019              Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 DAVID H. CHAO
                                 Special Assistant United States
                                 Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jonathan Moore ("defendant") is a felon previously convicted for attempted murder, attempted robbery, and domestic violence.  But these convictions, including a seven-year prison sentence, have not deterred defendant from his propensity for violence.  On October 30, 2018, while he was still on parole for attempted murder, defendant threatened to kill an employee of the Social Security Administration working at the Compton field office.  Defendant has pleaded guilty without a plea agreement to the single-count indictment, charging him with threatening a federal official and employee, in violation of 18 U.S.C. § 115(a)(1)(B).  (Dkt. 20.)

In the Presentence Report ("PSR"), the United States Probation Office determined that defendant's total offense level under the United States Sentencing Guidelines (the "Guidelines" or "USSG") is 12, his criminal history category is IV, and his Guidelines imprisonment range is 21 to 27 months.  (Dkt. 22.)  The USPO recommends the Court sentence defendant to 21 months' imprisonment, followed by a two-year term of supervised release, and order defendant to pay a $100 special assessment.  (Dkt. 21.)

The government concurs with the Guidelines calculations and recommended special assessment, but disagrees with the recommended sentence at the low-end of the Guidelines range.  Instead, a high-end sentence is necessary to protect the public, to instill respect for the law, and to deter defendant from committing future crimes.  Based on the factors under 18 U.S.C. § 3553(a), the government recommends a

sentence of 27 months in custody, followed by a three-year term of supervised release.

## II.  OFFENSE CONDUCT

On October 30, 2018, defendant visited the Social Security Administration's ("SSA") Compton field office and requested that a replacement Social Security card be sent to the California Department of Social Services.  When the SSA employee declined defendant's request in accordance with SSA policy, defendant began calling the employee expletives and demanded to speak to a supervisor.  When the employee told defendant he would need to wait to see a supervisor and began to close his window shade, defendant told the employee, "You eventually have to leave here, I am going to smoke your ass." Fearing for his safety, the employee called security.

## III. GUIDELINES CALCULATION

In the PSR, the USPO calculated a total offense level of 12 based on the following:

| | | |
|---|---|---|
| Base Offense Level | 12 | U.S.S.G. § 2A6.1 |
| Specific Offense Characteristics | | |
| Single instance, little deliberation | -4 | U.S.S.G. § 2A6.1(b)(6) |
| Official Victim | +6 | U.S.S.G. § 3A1.2 |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |

(PSR ¶¶ 18-28.)  The United States concurs in the USPO's calculation of the offense level.

The USPO calculated a criminal history score of 9 and a criminal history category of IV.  (PSR ¶¶ 33-39.)  Based upon a total offense level of 12 and a criminal history category of IV, the USPO

calculated a Guidelines imprisonment range of 21 to 27 months.  (PSR ¶ 77.)

The government concurs with the USPO's Guidelines calculations and its recommendations with respect to the special assessment and fine.  However, as discussed below, the government recommends a high-end sentence of 27 months and a three-year term of supervision.

**IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on the calculations above and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to 27 months' imprisonment, a three-year period of supervised release, and be ordered to pay a $100 special assessment.

The nature and circumstances of the offense are substantially aggravating, as captured by the Guidelines total offense level.  See 18 U.S.C. §§ 3553(a)(1) and (2)(A).  Defendant made a specific and direct threat to murder a federal employee simply because defendant did not like that his request for a replacement card was denied. Defendant clearly knew his conduct was wrong because he fled the scene when the security guards came to escort him out of the SSA office.  (PSR ¶ 9.)  And while it is not an element of the offense, defendant knew he was capable of carrying out his threat, given that he was previously convicted of attempted murder in 2010.  A sentence at the high end of the Guidelines is warranted to reflect the extremely dangerous nature of defendant's actions.

Defendant's lengthy history of violent crime is another important aggravating factor.  Although defendant is only 28 years old, his propensity for violence has manifested itself repeatedly, as evidenced by his string of convictions for attempted robbery (2008,

juvenile), stalking (2010), attempted murder (2010), and inflicting corporal injury (2018). (PSR ¶¶ 32-36.) Consistent with his criminal history, defendant's actions in this case demonstrate that his first reaction to adversity of any kind – even something as mundane as a declined administrative task – is to threaten violence.

Moreover, the PSR contains no mitigating factors of note. While the USPO references defendant's difficulties in high school, the Guidelines ordinarily do not recognize a difficult upbringing as a permissible basis to depart downward. See U.S.S.G. § 5H1.12. Moreover, defendant has failed to establish any verified facts concerning how those difficulties excuse his conduct in this case. Nor does defendant explain how those issues distinguish him from other similarly situated defendants, or from other individuals with learning deficits who do not commit crimes. On this record, the USPO's low-end recommendation is not well-taken.

Finally, defendant's prior convictions and sentences were insufficient to deter him, and to shield the public, from his propensity toward violence. Defendant committed the instant offense approximately three months after his domestic violence conviction and less than two-and-a-half years after being released on parole for his attempted murder convictions, for which he served approximately five years in state prison. (PSR ¶¶ 33-36.) Given defendant's abiding resistance to the law, a significant custodial sentence is necessary to protect the public, to instill respect for the law, and to deter defendant from committing crimes in the future.

In sum, taking into account the aggravated nature of the offense, defendant's history of violent behavior, and the paramount

need to protect the public, a custodial sentence at the high end of the Guidelines range and the maximum period of supervision is necessary and appropriate.

**V.   CONCLUSION**

For the foregoing reasons, the government recommends the Court sentence defendant to 27 months' imprisonment, followed by a three-year term of supervised release, and order defendant to pay a mandatory special assessment of $100.